**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PENSACOLA DIVISION**

**UNITED STATES OF AMERICA**

**v.** **INDICTMENT**

3:16cr82 - MCR

**MARK RAYMOND BURNS**

/

**THE GRAND JURY CHARGES:**

## COUNT ONE

Between on or about May 1, 2016, and on or about August 4, 2016, in the Northern District of Florida and elsewhere, the defendant,

**MARK RAYMOND BURNS,**

using a facility and means of interstate commerce, did knowingly persuade, induce, and entice, and attempt to persuade, induce, and entice, an individual who had not attained the age of 18 years, to engage in sexual activity for which any person can be charged with a criminal offense.

In violation of Title 18, United States Code, Section 2422(b).

## COUNT TWO

Between on or about May 1, 2016, and on or about August 4, 2016, in the Northern District of Florida and elsewhere, the defendant,

**MARK RAYMOND BURNS,**

FiledOCT04'16UsDcFlnPM0200

did knowingly and intentionally use, persuade, induce, and entice a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and this depiction was transported and transmitted in interstate commerce and produced using materials that had been shipped and transported in interstate commerce.

In violation of Title 18, United States Code, Sections 2251(a) and 2251(e).

**CRIMINAL FORFEITURE**

The allegations contained in Counts One and Two of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture, pursuant to the provisions of Title 18, United States Code, Sections 2253 and 2428.

From his engagement in the violations charged in Counts One and Two of this Indictment, the defendant,

**MARK RAYMOND BURNS,**

shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 2253 and 2428, all of his interest in:

A. Any visual depiction described in section 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Chapter 110 of Title 18, United States Code, or any book, magazine, periodical, film, videotape, or other matter which contains any such

visual depiction, which was produced, transported, mailed, shipped, or received in violation of Chapter 110 of Title 18, United States Code;

B. Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offenses alleged in Counts One and Two of this Indictment; and

C. Any property, real or personal, used, or intended to be used, to commit or promote the commission of the offenses alleged in Counts One and Two of this Indictment.

D. The property referenced in subparagraphs A, B, and C above includes, but is not limited to, computer hardware such as monitors, central processing units, keyboards, computer programs, software, computer storage devices, such as disk drive units, disks, tapes, and hard disk drives or units, peripherals, modems and other telephonic and acoustical equipment, printers, contents of memory data contained in and through the hardware and software mentioned above, tools, equipment, and manuals and documentation for the assembly and use of the hardware and software mentioned above.

If, as the result of any act or omission of the defendant, any of the property described above as being subject to forfeiture:

i. cannot be located upon the exercise of due diligence;

ii. has been transferred or sold to, or deposited with, a third person;

iii. has been placed beyond the jurisdiction of the Court;

iv. has been substantially diminished in value; or

v. has been commingled with other property that cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b), and by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of any forfeitable property described above.

A TRUE BILL:

Redacted per privacy policy

FOREPERSON

10-4-2016

DATE

CHRISTOPHER P. CANOVA
United States Attorney

JEFFREY M. THARP
Assistant United States Attorney